GORDON LAW OFFICES, CHTD
PHILIP H. GORDON, ISB #1996
623 West Hays Street
Boise, ID  83702
Telephone:  208/345-7100
208/345-0050 (fax)
E-mail:  pgordon@gordonlawoffices.com

[Proposed] Liaison Counsel

[Additional counsel on signature page.]

UNITED STATES DISTRICT COURT

DISTRICT OF IDAHO

| | | |
|---|---|---|
| CITY OF MARYSVILLE GENERAL EMPLOYEES RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated, | ) ) ) ) ) | No. 2:09-cv-00659-EJL-CWD <u>CLASS ACTION</u> |
| Plaintiff, | ) ) ) | MEMORANDUM OF LAW IN SUPPORT OF GARDEN CITY EMPLOYEES' RETIREMENT SYSTEM'S MOTION FOR |
| vs. | ) ) | APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF |
| NIGHTHAWK RADIOLOGY HOLDINGS, INC., et al., | ) ) ) | LEAD AND LIAISON COUNSEL |
| Defendants. | ) ) ) | |

I.      **PRELIMINARY STATEMENT**

Presently pending before this Court is a securities class action lawsuit (the "Action") brought

on behalf of all purchasers of the common stock of NightHawk Radiology Holdings, Inc.

("NightHawk" or the "Company"), between April 10, 2007 and February 13, 2008, inclusive (the

"Class Period"). The Action alleges violations of Sections 10(b) and 20(a) of the Securities

Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation

Reform Act of 1995 ("PSLRA") (15 U.S.C. §78) and the Securities and Exchange Commission ("SEC") Rule 10b-5 promulgated thereunder (17 C.F.R. §240.10b-5).

Institutional investor Garden City Employees' Retirement System ("Garden City") hereby moves this Court for an Order to: (i) appoint Garden City as Lead Plaintiff in the Action under Section 21D(a)(3)(B) of the Exchange Act; and (ii) approve Garden City's selection of the law firm of Coughlin Stoia Geller Rudman & Robbins LLP ("Coughlin Stoia") to serve as Lead Counsel and Gordon Law Offices to serve as Liaison Counsel.

This motion is made on the grounds that Garden City is the most adequate plaintiff, as defined by the PSLRA. Garden City is precisely the type of institutional investor that Congress sought to summon and empower when it enacted the PSLRA. *See Ferrari v. Impath, Inc.*, No. 03 Civ. 5667 (DAB), 2004 U.S. Dist. LEXIS 13898, at *10 (S.D.N.Y. July 20, 2004) (holding that the purpose behind the PSLRA is best achieved by encouraging institutional investors to serve as lead plaintiffs). Moreover, as an institutional investor, Garden City is accustomed to acting as a fiduciary and its experience in legal and financial matters will substantially benefit the class.

During the Class Period, Garden City incurred a substantial $100,153.80 loss on its transactions in NightHawk common stock. *See* Gordon Decl., Ex. B.[1] To the best of its knowledge, this is the greatest loss sustained by any moving class member or class member group who has brought suit or filed an application to serve as Lead Plaintiff in this Action. In addition, Garden City, for the purposes of this motion, adequately satisfies the requirements of Rule 23 of the Federal

---

[1] References to the "Gordon Decl., Ex. __" are to the exhibits attached to the accompanying Declaration of Philip H. Gordon, dated February 16, 2010 and submitted herewith.

Rules of Civil Procedure in that its claims are typical of the claims of the putative class and that it will fairly and adequately represent the interests of the class.

## II.    FACTUAL BACKGROUND

NightHawk, through its subsidiaries, provides professional services, business services, and clinical workflow technology to radiology groups and hospitals in the United States.  NightHawk describes itself as "leading the transformation of the practice of radiology by providing high-quality, cost-effective solutions to radiology groups and hospitals throughout the United States."

The complaint charges NightHawk and certain of its officers and executives with violations of the Exchange Act.  The complaint alleges that, throughout the Class Period, defendants failed to disclose material adverse facts about the Company's true financial condition, business and prospects. Specifically, the complaint alleges that defendants failed to disclose: (i) that the Company was experiencing a delay in transitioning The Radlinx Group ("Radlinx") physician contracts to NightHawk's compensation structure, which would cause the Company to pay more compensation to Radlinx physicians than previously expected; (ii) that demand for the Company's services was weakening; (iii) that the Company was experiencing difficulties in obtaining reimbursement for its services; and (iv) as a result of the foregoing, defendants lacked a reasonable basis for their positive statements about the Company and its prospects.

On February 13, 2008, NightHawk announced its financial results for the fourth quarter and year end of 2007, the period ended December 31, 2007.  In response to the Company's announcement, the price of NightHawk stock fell $1.61 per share, or 11%, to close at $12.54 per share, on February 14, 2008.

III.    **ARGUMENT**

A.    **Garden City Should Be Appointed Lead Plaintiff**

1.    **The Procedure Required by the PSLRA**

The PSLRA has established a procedure that governs the appointment of a lead plaintiff in "each private action arising under the [Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1) and (a)(3)(B)(i).

First, the plaintiff who files the initial action must publish a notice to the class, within 20 days of filing the action, informing class members of their right to file a motion for appointment as lead plaintiff. *See* 15 U.S.C. §78u-4(a)(3)(A)(i). Plaintiff in the Action caused the first notice regarding the pendency of the Action to be published on *Business Wire*, a national, business oriented newswire service, on December 17, 2009. *See* Gordon Decl., Ex. A. Within 60 days after publication of the notice, any person or group of persons who are members of the proposed class may apply to the Court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action. *See* 15 U.S.C. §§78u-4(a)(3)(A) and (B).

Second, the PSLRA provides that, within 90 days after publication of the notice, the Court shall consider any motion made by a class member and shall appoint as lead plaintiff the member or members of the class who the Court determines to be most capable of adequately representing the interests of class members. *See* 15 U.S.C. §78u-4(a)(3)(B). In determining the "most adequate plaintiff," the PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this Act is the person or group of persons that
>
> (aa) has either filed the complaint or made a motion in response to a notice. . .

(bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii).  *See generally In re Cavanaugh*, 306 F.3d 726 (9th Cir. 2002).

### 2. Garden City Satisfies the "Lead Plaintiff" Requirements of the Exchange Act

#### a. Garden City Has Complied with the Exchange Act and Should Be Appointed Lead Plaintiff

The time period in which class members may move to be appointed Lead Plaintiff herein under 15 U.S.C. §78u-4(a)(3)(A) and (B) expires on February 16, 2010.  Pursuant to the provisions of the PSLRA and within the requisite time frame after publication of the required notice on December 17, 2009, Garden City timely moves this Court to be appointed Lead Plaintiff on behalf of all members of the class.

Garden City has duly signed and filed a certification stating that it is willing to serve as a representative party on behalf of the class.  *See* Gordon Decl., Ex. C.  In addition, Garden City has selected and retained competent counsel to represent itself and the class.  *See* Gordon Decl., Exs. D & E.  Accordingly, Garden City has satisfied the individual requirements of 15 U.S.C. §78u4(a)(3)(B) and is entitled to have its application for appointment as Lead Plaintiff and approval of selection of Lead and Liaison Counsel as set forth herein, considered and approved by the Court.

#### b. Garden City is Precisely the Type of Lead Plaintiff Congress Envisioned When it Passed the PSLRA

The Congressional objective in enacting the lead plaintiff provisions was to encourage large, organized institutional investors to play a more prominent role in securities class actions.  *See* H.R. Conf. Rep. No. 104-369, at 34 (1995), reprinted in 1995 U.S.C.C.A.N. 679, 733 ("The Conference

Committee believes that increasing the role of institutional investors in class actions will ultimately benefit shareholders and assist courts by improving the quality of representation in securities class actions.").

Congress reasoned that increasing the role of institutional investors, which typically have a large financial stake in the outcome of the litigation, would be beneficial because institutional investors with a large financial stake are more apt to effectively manage complex securities litigation.  Garden City, as an institutional investor, is precisely the type of Lead Plaintiff Congress envisioned when it passed the PSLRA.  *See id.*

         **c.**      **Garden City Has the Requisite Financial Interest in the Relief Sought by the Class**

During the Class Period, as evidenced by, among other things, the accompanying signed certification, *see* Gordon Decl., Ex. C, Garden City incurred a substantial $100,153.80 loss on its transactions in NightHawk common stock.  *See* Gordon Decl., Ex. B.  Garden City thus has a significant financial interest in this case.  The Court "must compare the financial stakes of the various plaintiffs and determine which one has the most to gain from the lawsuit.  It must then focus its attention on *that* plaintiff and determine, based on the information he has provided in his pleadings and declarations, whether he satisfies the requirements of Fed. R. Civ. P. 23(a), in particular those of typicality and adequacy. If the plaintiff with the largest financial stake in the controversy provides information that satisfies these requirements, he becomes the presumptively most adequate plaintiff." *Cavanaugh*, 306 F.3d at 730 (emphasis in original).  Therefore, Garden City satisfies all of the PSLRA's prerequisites for appointment as Lead Plaintiff in this Action and should be appointed Lead Plaintiff pursuant to 15 U.S.C. §78u-4(a)(3)(B).

### d.      Garden City Otherwise Satisfies Rule 23

According to 15 U.S.C. §78u-4(a)(3)(B), in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. If the movant with the largest financial interest meets Rule 23's requirement, it becomes the presumptive lead plaintiff. *See Cavanaugh*, 306 F.3d at 730.

Of the four prerequisites to class certification, only two – typicality and adequacy – directly address the personal characteristics of the class representative. Consequently, in deciding a motion to serve as lead plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the lead plaintiff moves for class certification. *See Lax v. First Merchs. Acceptance Corp*., No. 97-C-2715, 1997 U.S. Dist. LEXIS 11866, at *20, (N.D. Ill. Aug. 11, 1997). Garden City satisfies both the typicality and adequacy requirements of Rule 23, thereby justifying its appointment as Lead Plaintiff.

Under Rule 23(a)(3), the claims or defenses of the representative parties must be typical of those of the class. Typicality exists where the plaintiffs' claims arise from "the same course of conduct complained of by the other plaintiffs and [plaintiffs'] causes of actions are founded on similar legal theories." *Schonfield v. Dendreon Corp.*, No. C07-800MJP, 2007 WL 2916533, at *4 (W.D. Wa. Oct. 4, 2007); *see also Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992)

("The test of typicality 'is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct.'") (quoting *Schwartz v. Harp,* 108 F.R.D. 279, 282 (C.D. Cal. 1985)).  Typicality does not require that there be no factual differences between the class representatives and the class members because it is the generalized nature of the claims asserted which determines whether the class representatives are typical.  *See Sofran v. LaBranche & Co*., 220 F.R.D. 398, 402 (S.D.N.Y. 2004) ("The possibility of factual distinctions between the claims of the named plaintiffs and those of other class members does not destroy typicality, as similarity of legal theory may control even in the face of differences of fact").  The requirement that the proposed class representatives' claims be typical of the claims of the class does not mean, however, that the claims must be identical.  *See Ferrari*, 2004 U.S. Dist. LEXIS 13898, at *18.

Garden City satisfies this requirement because, just like all other class members, it: (1) purchased NightHawk common stock during the Class Period; (2) was adversely affected by defendants' false and misleading statements; and (3) suffered damages as a result thereof.  Thus, Garden City's claims are typical of those of other class members since its claims and the claims of other class members arise out of the same course of events.

Under Rule 23(a)(4), the representative parties must also "fairly and adequately protect the interests of the class."  The PSLRA directs this Court to limit its inquiry regarding the adequacy of Garden City to represent the class to the existence of any conflicts between the interest of Garden City and the members of the class.  The adequacy requirement is satisfied "if there are no conflicts between the representative and class interests and the representative's attorneys are qualified,

experienced, and generally able to conduct the litigation." *Richardson v. TVIA, Inc.*, No. C 06 06304 RMW, 2007 WL 1129344, at *4 (N.D. Cal. Apr. 16, 2007) (citations omitted).

Here, Garden City is an adequate representative of the class. As evidenced by the injuries suffered by Garden City and the class, the interests of Garden City are clearly aligned with the members of the class, and there is no evidence of any antagonism between Garden City's interests and those of the other members of the class. Further, Garden City has taken significant steps which demonstrate it will protect the interests of the class: it has retained competent and experienced counsel to prosecute these claims. In addition, as shown below, Garden City's proposed Lead and Liaison Counsel are highly qualified, experienced and able to conduct this complex litigation in a professional manner. Thus, Garden City *prima facie* satisfies the commonality, typicality and adequacy requirements of Rule 23 for the purposes of this motion.

### B.     The Court Should Approve Garden City's Choice of Counsel

Pursuant to 15 U.S.C. §78u-4(a)(3)(B)(v), the proposed lead plaintiff shall, subject to Court approval, select and retain counsel to represent the class he seeks to represent. In that regard, Garden City has selected the law firm of Coughlin Stoia to serve as Lead Counsel and Gordon Law to serve as Liaison Counsel. *See* Gordon Decl., Exs. D-E. Coughlin Stoia has substantial experience in the prosecution of shareholder and securities class actions, including serving as lead counsel in *In re Enron Corporation Securities Litigation*, No. H-01-3624 (S.D. Tex.), in which Coughlin Stoia obtained recoveries which represent the largest recovery ever obtained in a shareholder class action. In addition, the attorneys at Gordon Law frequently practice before this Court and are fully capable of serving as Liaison Counsel in this action.

Accordingly, the Court should approve Garden City's selection of counsel.

## IV.   CONCLUSION

For all the foregoing reasons, Garden City respectfully requests that the Court: (i) appoint

Garden City as Lead Plaintiff in the Action; (ii) approve its selection of Lead and Liaison Counsel as

set forth herein; and (iii) grant such other relief as the Court may deem just and proper.

DATED:  February 16, 2010              GORDON LAW OFFICES, CHTD
                                       PHILIP H. GORDON, ISB #1996


                                       _____
                                            /s/ Philip H. Gordon
                                       PHILIP H. GORDON

                                       623 West Hays Street
                                       Boise, ID  83702
                                       Telephone:  208/345-7100
                                       208/345-0050 (fax)
                                       E-mail:  pgordon@gordonlawoffices.com

                                       [Proposed] Liaison Counsel

                                       COUGHLIN STOIA GELLER
                                         RUDMAN & ROBBINS LLP
                                       SAMUEL H. RUDMAN
                                       DAVID A. ROSENFELD
                                       MARIO ALBA JR.
                                       58 South Service Road, Suite 200
                                       Melville, NY  11747
                                       Telephone:  631/367-7100
                                       631/367-1173 (fax)
                                       E-mail:  srudman@csgrr.com
                                       E-mail:  drosenfeld@csgrr.com
                                       E-mail:  malba@csgrr.com

COUGHLIN STOIA GELLER
   RUDMAN & ROBBINS LLP
JOHN K. GRANT
100 Pine Street, Suite 2600
San Francisco, CA  94111
Telephone:  415/288-4545
415/288-4534 (fax)
E-mail:  johnkg@csgrr.com

[Proposed] Lead Counsel for Plaintiff

VANOVERBEKE MICHAUD
   & TIMMONY, P.C.
MICHAEL J. VANOVERBEKE
THOMAS C. MICHAUD
79 Alfred Street
Detroit, MI  48201
Telephone:  313/578-1200
313/578-1201 (fax)

Additional Counsel for Plaintiff

## CERTIFICATE OF SERVICE

I, Philip H. Gordon, hereby certify that on February 16, 2010, I caused a true and

correct copy of the attached:

> Motion of Garden City Employees' Retirement System for Appointment
> as Lead Plaintiff and Approval of Selection of Lead and Liaison Counsel;

> Memorandum of Law in Support of Garden City Employees' Retirement
> System's Motion for Appointment as Lead Plaintiff and Approval of
> Selection of Lead and Liaison Counsel;

> Declaration of Philip H. Gordon in Support of Garden City Employees'
> Retirement System's Motion for Appointment as Lead Plaintiff and
> Approval of Selection of Lead and Liaison Counsel

to be served electronically on all counsel registered for electronic service for this case.


*/s/ Philip H. Gordon*
Philip H. Gordon