UNITED STATES DISTRICT COURT
DISTRICT OF IDAHO

| | |
|---|---|
| CITY OF MARYSVILLE GENERAL EMPLOYEES RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br>vs.<br><br>NIGHTHAWK RADIOLOGY HOLDINGS, INC. DR. PAUL BERGER, TIM MAYLEBEN, and GLENN R. COLE,<br><br>Defendants. | No. CIV 09-659-EJL-CWD<br><br>**MEMORANDUM ORDER** |

Before the Court in the above entitled matter is an Objection to the Chief Magistrate Judge's Memorandum Decision and Order appointing lead plaintiff in this class action. (Dkt. No. 53.) The Objection is filed by Plaintiff the Miramar Firefighters' Pension Fund, one of the three movants for appointment as lead plaintiff in this matter. Having fully reviewed the record herein, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, this motion shall be decided on the record before this Court without oral argument.

**FACTUAL AND PROCEDURAL BACKGROUND**

This action was initiated by City of Marysville General Employees Retirement System ("Marysville") individually and on behalf of all others similarly situated against Defendants Nighthawk Radiology Holdings, Inc. ("Nighthawk") and associated individuals. (Dkt. No.

1.) The claims allege Nighthawk violated Sections 10(b) and 20(a) of the Exchange Act of 1934 and SEC Rule 10b-5 by making materially false and misleading statements and/or omissions which investors relied upon in purchasing Nighthawk securities during the class period. (Dkt. No. 1.) Subsequently three other class members filed motions for appointment as lead plaintiff in this matter: Garden City Employees' Retirement System ("Garden City"), the Miramar Firefighters' Pension Fund ("Miramar"), and Plymouth County Contributory Retirement System ("Plymouth"). (Dkt. Nos. 17, 20, and 24.) Garden City has since conceded that appointed lead counsel should be made between Plymouth and Miramar. (Dkt. No. 36.)

On April 21, 2010, Chief Magistrate Judge Candy W. Dale held a hearing on the competing Motions for Appointment as Lead Plaintiff filed by Plymouth and Miramar. (Dkt. No. 49.) After considering the parties arguments, briefing, and the entire record, Judge Dale issued an Order appointing Plymouth as lead plaintiff in this matter. (Dkt. No. 48.)[1] Miramar then filed their Objection to the Order. (Dkt. No. 53.) Plymouth has filed a Response to the Objection and the matter is now ripe for this Court's consideration. (Dkt. No. 60.)

## DISCUSSION

**I.      Standard of Review**

Miramar's Objection is made pursuant to 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72(a), Local Civil Rule 72.1(b)(1), and the Court's March 17, 2010 Amended Order of Referral (Dkt. No. 48.) Under § 636(b)(1)(A), a district court may

---

[1] Judge Dale later issued an Amended Memorandum Decision and Order changing only the last sentence of footnote 7. (Dkt. No. 56.) Because the Amended Order is the final decision on the matter, the Court will refer to it in this Order.

reconsider a magistrate judge's determination of a non-dispositive pretrial matter "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). Likewise, Federal Rule of Civil Procedure 72(a) states that the district judge in the case must consider timely objections to a magistrate judge's order and either modify or set aside any part of the order that is clearly erroneous or is contrary to law. "The clearly erroneous standard, which applies to a magistrate judge's findings of fact, is significantly deferential, requiring a definite and firm conviction that a mistake has been committed. In contrast, the contrary to law standard permits independent review of purely legal determinations by the magistrate judge." *Lenz v. Universal Music Corp.*, No. 5:07-cv-03783 JF (PVT), 2010 WL 4789099, at *1 (N.D. Cal. Nov. 17, 2010) (citations and quotations omitted). The requirements for filing such objections are included in both Rule 72(a) and Local Civil Rule 72.1(b)(1).

## II.     Analysis

The Objection raises the same arguments considered by Judge Dale in her Order; Plymouth lied when disclosing the number of securities cases they are acting as lead plaintiff in and Plymouth fails to satisfy the typicality and adequacy requirements. (Dkt. No. 53.) The Court has taken some time in reviewing the arguments raised by Miramar and Judge Dale's Order addressing the same as well as Plymouth's response. Having done so this Court finds Judge Dale's Order is neither clearly erroneous nor contrary to law. Though Miramar disagrees with the outcome, the fact remains that Judge Dale correctly identified the law applicable to the matter and properly applied the facts of this case to the law. Moreover, this Court agrees with both the reasoning and the outcome of Judge Dale's Order appointing

Plymouth as lead plaintiff in this matter. The arguments raised by Miramar were addressed by Judge Dale consistent with this Court's view of the case. As such, no further discussion is necessary here. Miramar's objection is denied.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that the Miramar Firefighters' Pension Fund's Objection (Dkt. No. 53) is **DENIED**. Chief Magistrate Judge Candy W. Dale's Order Appointing Lead Plaintiff (Dkt. No. 56) is **AFFIRMED**. Plymouth County Contributory Retirement System shall serve as Lead Plaintiff in this matter.

DATED: **December 16, 2010**

Honorable Edward J. Lodge
U. S. District Judge