# UNITED STATES DISTRICT COURT
# DISTRICT OF IDAHO

| | |
|---|---|
| CITY OF MARYSVILLE GENERAL EMPLOYEES RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br>vs.<br><br>NIGHTHAWK RADIOLOGY HOLDINGS, INC. DR. PAUL BERGER, TIM MAYLEBEN, and GLENN R. COLE,<br><br>    Defendants. | No. CIV 09-659-EJL-CWD<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION** |

On September 12, 2011, United States Chief Magistrate Judge Candy W. Dale issued a Report and Recommendation, recommending that Defendants' Motion to Dismiss be granted. (Dkt. 105.)  Pursuant to 28 U.S.C. § 636(b)(1), the parties had fourteen days in which to file written objections to the Report and Recommendation.  No objections were filed by the parties.

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." Moreover, this Court "shall make a de novo determination of those portions of the report which objection is made." *Id.*  In *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003), the court interpreted the requirements of 28 U.S.C. 636(b)(1)(C):

> The statute [28 U.S.C. § 636(b)(1)(C)] makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise. As the *Peretz* Court instructed, "to the extent de novo review is required to satisfy Article III concerns, it need not be exercised unless requested by the parties." *Peretz*, 501 U.S. at 939, 111 S.Ct. 2661 (internal citation omitted). Neither the Constitution nor the statute requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct. See Ciapponi, 77 F.3d at 1251 ("Absent an objection or request for review by the defendant, the district court was not required to engage in any more formal review of the plea proceeding."); *see also Peretz*, 501 U.S. at 937-39, 111 S.Ct. 2661 (clarifying that de novo review not required for Article III purposes unless requested by the parties) . . . .

*See also Wang v. Masaitis*, 416 F.3d 993, 1000 & n.13 (9th Cir. 2005). In this case, no objections were filed so the Court need not conduct a de novo determination of the Report and Recommendation. The Court did, however, review the Report and Recommendation and the record in this matter and finds the Report and Recommendation to be well-founded in the law based on the facts of this particular case.

**THEREFORE, IT IS HEREBY ORDERED** that the Report and Recommendation (Docket No. 105) shall be **INCORPORATED** by reference and **ADOPTED** in its entirety.

**THEREFORE, IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss (Dkt. 82) is **GRANTED WITHOUT PREJUDICE**.

DATED: **September 30, 2011**

Honorable Edward J. Lodge
U. S. District Judge