HOLLAND & HART LLP
B. NEWAL SQUYRES (ISB 1621)
TED C. MURDOCK (ISB 5431)
U.S. Bank Plaza
101 South Capitol Blvd., Suite 1400
Boise, ID 83702
Telephone: (208) 342-5000
Fax: (208) 343-8869
nsquyres@hollandhart.com
tmurdock@hollandhart.com

SCOTT+SCOTT LLP
WALTER W. NOSS (*pro hac vice*)
MARY K. BLASY (*pro hac vice*)
707 Broadway, Suite 1000
San Diego, CA  92101
Telephone:  (619) 233-4565
Fax: (619) 233-0508
wnoss@scott-scott.com
mblasy@scott-scott.com

*Counsel for Lead Plaintiff*
*Plymouth County Contributory Retirement System*

[Additional Counsel Appear on the Signature Page]

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| In re NIGHTHAWK RADIOLOGY HOLDINGS, INC. SECURITIES LITIGATION | Master File No.  2:09-cv-00659-EJL-CWD<br><br>Judge:  Hon. Edward J. Lodge<br><br>MEMORANDUM OF LAW IN SUPPORT OF THE PARTIES' JOINT MOTION TO VACATE THE COURT'S SEPTEMBER 30, 2011 JUDGMENT |
| This Document Relates To: ALL ACTIONS | |

## I. INTRODUCTION

This memorandum is respectfully submitted in support of the parties' Joint Motion to Vacate the Court's September 30, 2011 Judgment. The Joint Motion requests that the Court exercise its authority under Fed. R. Civ. P. 60(b)(6) and grant relief from its September 30, 2011 Judgment (the "Judgment") dismissing the case without prejudice (ECF No. 107) in order for Lead Plaintiff to file a motion seeking preliminary approval of the class action settlement entered into by the parties (the "Settlement").[1] The terms of the Settlement are set forth in the Stipulation and Agreement of Settlement ("Stipulation"), which is attached as Exhibit 1 to the Declaration of Walter W. Noss in Support of Joint Motion to Vacate the September 30, 2011 Judgment ("Noss Decl.") which is being submitted concurrently herewith. In short, Defendants have agreed to establish a Settlement Fund in the amount of $650,000 in order to settle this litigation.

## II. BACKGROUND

This securities class action was filed on December 17, 2009. On April 29, 2010, Chief Magistrate Judge Candy W. Dale entered an Order (the "April 29 Order") appointing Plymouth County Contributory Retirement System as Lead Plaintiff, and approving Lead Plaintiff's selection of Scott+Scott LLP as Lead Counsel and Holland & Hart LLP as Liaison Counsel. The April 29 Order was affirmed by Judge Edward J. Lodge on December 16, 2010.

Lead Plaintiff filed an Amended Class Action Complaint (the "CAC") on July 13, 2010. The CAC alleged violations of §§10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), as well as Rule 10b-5 promulgated thereunder. The class

---

[1] All capitalized terms that are not defined herein are defined in the Stipulation.

MEMORANDUM IN SUPPORT OF
PARTIES' MOTION TO VACATE         1
No. 2:09-cv-659-EJL-CWD

(the "Class") was defined in the CAC as all persons who purchased the common stock of Nighthawk during the period May 2, 2007 and May 7, 2008, inclusive (the "Class Period").

Defendants moved to dismiss the CAC, and the motion was opposed by Lead Plaintiff. On September 12, 2011, Chief Magistrate Judge Dale issued a Report and Recommendation granting the motion to dismiss without prejudice (ECF No. 105). The Report and Recommendation was adopted by an order dated September 30, 2011 (ECF No. 106), and the Judgment was entered against Lead Plaintiff the same day (ECF No. 107).

The parties subsequently entered into settlement negotiations, and ultimately reached an agreement to settle this lawsuit on a class-wide basis. Thereafter, in early December 2011, the parties entered into a memorandum of understanding. The parties then negotiated the Stipulation and the supporting documents. The Stipulation was signed on May 25, 2012 and provides for a payment to the Class of $650,000 and for the dismissal of the case with prejudice.

### III.  ARGUMENT

#### A.   The Judgment Should Be Vacated in Order to Allow the Settlement to Move Forward

It is appropriate for the Court, pursuant to Fed. R. Civ. P. 60(b)(6), to vacate the Judgment dismissing the action without prejudice so that the Court can consider Lead Plaintiff's motion for preliminary approval of the Settlement. As set forth above, the

parties have reached an agreement to fully resolve this litigation; however, the agreement can only be consummated if the Judgment is vacated.[2]

If the Court vacates the Judgment, Lead Plaintiff will file an unopposed motion for preliminary approval of the Settlement. The preliminary approval motion will ask the Court to: (1) schedule a hearing to determine whether the Settlement should receive final approval; and (2) direct that notice of the proposed Settlement be provided to members of the Settlement Class advising them of the nature of the proposed Settlement, of their right to be heard or to request exclusion, and of the method by which they can seek to participate in the Settlement. Because settlement of this litigation is desirable for the parties, is in the public interest, and will conserve judicial resources, the Court should grant the Joint Motion to Vacate the Judgment and allow the preliminary approval process to proceed.

Fed. R. Civ. P. Rule 60(b) "provides the basis for a district court's vacation of judgments when the equities so demand." *Am. Games, Inc. v. Trade Prods., Inc.*, 142 F.3d 1164, 1168 (9th Cir. 1998). The Rule provides, in relevant part:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for ... (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b)(6). Rule 60(b) is remedial in nature, and courts are directed to be liberal in applying it. *See Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984). In reviewing a motion to vacate under Rule 60(b), a district court should balance the equities to

---

[2] The parties do ***not*** request that the Court vacate Judge Dale's September 12, 2011 Report and Recommendation granting the motion to dismiss without prejudice (ECF No. 105) or this Court's September 30, 2011 Order adopting Judge Dale's Report and Recommendation (ECF No. 106). These orders were issued without prejudice, thereby permitting the litigation to continue if plaintiff elects to file another, amended complaint.

determine "whether to vacate its judgment in light of 'the consequences and attendant hardships of dismissal or refusal to dismiss' and 'the competing values of finality of judgment and right to relitigation of unreviewed disputes.'" *Am. Games*, 142 F.3d at 1168 (citations omitted).

Subsection (6) of Rule 60(b) is a catch-all or safety-valve provision. *See Lowe v. McGraw-Hill Cos., Inc.*, 361 F.3d 335, 342 (7th Cir. 2004). While other subsections are subject to a one-year filing requirement and provide relief in cases of mistake, excusable neglect, newly discovered evidence, or where fraud is involved, subsection (6) is designed to take care of unusual or extraordinary situations and has no time limit.

Here, the basis for the motion is not mistake, newly discovered evidence, or the like. It is the unusual or extraordinary situation where, after the case was dismissed without prejudice and judgment was entered, the parties arrived at a class action settlement that they wish to place before the Court for preliminary approval. A motion pursuant to Rule 60(b)(6) is, therefore, the appropriate manner in which to place the Settlement before the Court. Indeed, in *Hinsdale v. Farmers Nat'l Bank & Trust Co.*, the Sixth Circuit held that a motion pursuant to Fed. R. Civ. P. 60(b)(6) is the method by which the parties can bring a settlement before the court when an action has previously been dismissed with prejudice. *See Hinsdale*, 823 F.2d 993 (6th Cir. 1987).

The parties respectfully submit that a balancing of the equities compels vacating the Judgment so as to allow the parties' settlement agreement to take effect. *See Nez Perce Tribe v. National Oceanic and Atmospheric Administration Fisheries*, No. 04-299-C-EJL, ECF No. 57, Order Vacating September 21, 2005 Memorandum Decision and Order and November 10, 2005 Final Judgment and Dismissing Action with Prejudice (D.

Idaho July 20, 2007) (J. Lodge) (vacating order and judgment pursuant to Rule 60(b) because the parties reached a settlement and the "equities demand such action") (attached as Exhibit 2 to the Noss Decl.). This is because settlement serves the interests both of the parties and the public, and vacation is necessary for the consummation of the Settlement.

Under the terms of the Settlement, the Defendants have agreed to a payment of $650,000 in exchange for the dismissal of the case with prejudice and the release of all related claims against Defendants in the litigation. Because the parties would be well served by this Settlement, the Court should vacate the Judgment. Vacating the Judgment would also be in the public interest because there is "considerable societal value in encouraging settlements and finality in litigation." *See Animal Legal Defense Fund v. Veneman*, 490 F.3d 725, 733 (9th Cir. 2007) (Thomas, J., concurring in part and dissenting in part). This is "particularly true in class action suits." *Van Bronkhorst v. Safeco Corp.*, 529 F.2d 943, 950 (9th Cir. 1976); *see also Utility Reform Project v. Bonneville Power Admin.*, 869 F.2d 437, 443 (9th Cir. 1989).

Finally, vacating the Judgment would protect scarce judicial resources. The Judgment dismissed the case without prejudice. The simple fact that the case was dismissed without prejudice indicates the possibility that the litigation might continue. The Settlement will end the litigation and bring finality to the case, thus saving judicial resources. *See In re Smith*, 926 F.2d 1027, 1029 (11th Cir. 1991) ("Settlement is generally favored because it conserves scarce judicial resources.") The Settlement will only come into effect, however, if the Court vacates the Judgment.

V.  **CONCLUSION**

For the reasons set forth above, the parties respectfully request that the Court vacate the Judgment.

Dated: June 1, 2012  By:  /s/ Walter W. Noss
　　　　　　　　　　　　　　Walter W. Noss (*pro hac vice*)
　　　　　　　　　　　　　　Mary K. Blasy (*pro hac vice*)
　　　　　　　　　　　　　　SCOTT+SCOTT LLP
　　　　　　　　　　　　　　707 Broadway, Suite 1000
　　　　　　　　　　　　　　San Diego, CA 92101
　　　　　　　　　　　　　　Telephone: (619) 233-4565
　　　　　　　　　　　　　　Fax: (619) 233-0508
　　　　　　　　　　　　　　wnoss@scott-scott.com
　　　　　　　　　　　　　　mblasy@scott-scott.com

　　　　　　　　　　　　　　David R. Scott
　　　　　　　　　　　　　　SCOTT+SCOTT LLP
　　　　　　　　　　　　　　156 South Main Street
　　　　　　　　　　　　　　P.O. Box 192
　　　　　　　　　　　　　　Colchester, CT 06415
　　　　　　　　　　　　　　Telephone: (860) 537-5537
　　　　　　　　　　　　　　Facsimile: (860) 537-4432
　　　　　　　　　　　　　　drscott@scott-scott.com

　　　　　　　　　　　　　　*Plaintiff's Lead Counsel*

　　　　　　　　　　　　　　B. Newal Squyres (ISB 1621)
　　　　　　　　　　　　　　Ted C. Murdock (ISB 5431)
　　　　　　　　　　　　　　HOLLAND & HART LLP
　　　　　　　　　　　　　　U.S. Bank Plaza
　　　　　　　　　　　　　　101 South Capitol Blvd., Suite 1400
　　　　　　　　　　　　　　Boise, ID 83702
　　　　　　　　　　　　　　Telephone: (208) 342-5000
　　　　　　　　　　　　　　Facsimile: (208) 343-8869
　　　　　　　　　　　　　　tmurdock@hollandhart.com
　　　　　　　　　　　　　　nsquyres@hollandhart.com

　　　　　　　　　　　　　　*Plaintiff's Liaison Counsel*

Dated: June 1, 2012           By:     /s/ Barry M. Kaplan
                                      Barry M. Kaplan (*pro hac vice*)
                                      Gregory L. Watts (*pro hac vice*)
                                      Claire Loebs Davis (*pro hac vice*)
                                      WILSON SONSINI GOODRICH &
                                      ROSATI
                                      701 Fifth Avenue, Suite 5100
                                      Seattle, WA  98104-7036
                                      Telephone:  (206) 883-2500
                                      Fax:  (206) 883-2699
                                      bkaplan@wsgr.com
                                      gwatts@wsgr.com
                                      cldavis@wsgr.com

                                      Richard H. Greener
                                      GREENER BURKE & SHOEMAKER P.A.
                                      The Banner Bank Building
                                      950 W. Bannock Street, Suite 900
                                      Boise, ID 83702

                                      *Attorneys for Defendants*

CERTIFICATE OF SERVICE

I hereby certify that on June 1, 2012, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the email addresses denoted on the Electronic Mail Notice List, and I hereby certify that I caused the foregoing document or paper to be mailed via the United States Postal Service to the non-CM/ECF participants indicated on the Manual Notice List.

      /s/ Walter W. Noss
Walter W. Noss
SCOTT+SCOTT LLP
707 Broadway, Suite 1000
San Diego, CA 92101
Telephone: 619-233-4565
Fax: 619-233-0508
E-mail: wnoss@scott-scott.com